IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 4:03-CR-87-2H
No. 4:16-CV-107-H

WILLIAM MAURICE DYER,
    Petitioner,

v.

UNITED STATES OF AMERICA,
    Respondent.

**ORDER**

This matter is before the court on petitioner's motion to vacate under 28 U.S.C. § 2255, [DE #88]. This matter was stayed pending the Supreme Court's resolution of United States v. Beckles, 137 S. Ct. 886 (2017). [DE #101]. The stay was lifted, allowing petitioner to file a response. [DE #108]. Petitioner's counsel responded by filing a motion to withdraw as counsel on the basis that no motions would be presented under Johnson v. United States, 235 S. Ct. 2551 (2015), [DE #110], and this motion was granted by this court. [DE #112]. Before withdrawing, counsel for petitioner filed a motion for extension of time for petitioner to file a response, proceeding pro se, [DE #109], which motion was granted by this court, [DE #111]. Petitioner did not file a response. The time for further filing has expired, and this matter is ripe for adjudication.

## BACKGROUND

On July 6, 2004, petitioner pled guilty, pursuant to a written memorandum of plea agreement, to conspiracy to possess with the intent to distribute more than fifty grams of cocaine base (crack), in violation of 18 U.S.C. §§ 841(a)(1) and 846 (Count One). [DE #39]. On January 4, 2005, the court sentenced petitioner to a total term of imprisonment of 192 months. [DE #52]. Petitioner filed a notice of appeal, and the Court of Appeals dismissed the appeal on November 10, 2005. [DE #53 and DE #58].

On June 17, 2016, petitioner filed the instant motion to vacate pursuant to 28 U.S.C. § 2255, arguing that in light of Johnson v. United States, 235 S. Ct. 2551 (2015), he no longer has qualifying predicate offenses to qualify as a career offender under United States Sentencing Guidelines ("USSG") § 4B1.2. [DE #88].

## COURT'S DISCUSSION

In the Johnson decision, the Supreme Court of the United States invalidated the residual clause found in 18 U.S.C. § 924(e)(2)(B)(ii), the Armed Career Criminal Act, ("ACCA"). Johnson, 235 S. Ct. at 2557. In Welch v. United States, 136 S. Ct. 1257, 1265 (2016), the Supreme Court held the rule pronounced in Johnson is retroactively applicable on collateral review. Petitioner filed his motion within one year of Johnson. In Beckles v. United States, 137 S. Ct. 886 (2017), however, the Supreme Court declined to extend its ruling in Johnson to the residual clause of

2

USSG § 4B1.2(a). Petitioner cannot rely on Johnson or its progeny here as he was not sentenced as an armed career criminal pursuant to the ACCA. Thus, petitioner's argument that his § 2255 motion is timely under 28 U.S.C. § 2255(f)(3) is without merit, and the timeliness of petitioner's motion is governed by 28 U.S.C. § 2255(f)(1).

The mandate dismissing petitioner's appeal issued on November 10, 2005. Petitioner did not petition for certiorari, and therefore his judgment became final when the 90 day period for filing a petition for certiorari expired. See Clay v. United States, 537 U.S. 522, 528-29 (2003) (discussing when a judgment becomes final). Petitioner's § 2255 motion was not filed until June 17, 2016, well more than one year after his judgment became final, pursuant to § 2255(f)(1). Thus, petitioner's motion to vacate, [DE #88], is untimely and therefore must be DISMISSED.

## CONCLUSION

For the foregoing reasons, petitioner's motion to vacate, [DE #88], is DISMISSED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and that any

dispositive procedural ruling dismissing such claims is likewise debatable. <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 336-38 (2003); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000); <u>Rose v. Lee</u>, 252 F.3d 676, 683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of Petitioner's § 2255 Motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 3rd day of January 2019.

                                                                                           Malcolm J. Howard
                                                                                           Senior United States District Judge

At Greenville, NC
#35